FILED

SEP 6 - 2005

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
)
v. )
) Cr. No. 91-559-11 (TFH)
McKINLEY L. BOARD )
)
Petitioner. )
)

### MEMORANDUM OPINION

Pending before this Court are Petitioner McKinley L. Board's Motion and Supplemental Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Mr. Board claims that his sentence should be reduced in light of amendments to the United States Sentencing Guidelines and the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) . See Def. Board's Mot. for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) at 1 (hereinafter referred to as "Def.'s Mem."); Supp'l Mot. for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) at 2 (hereinafter referred to as "Def.'s Supp'l Mot."). Because the amendments do not alter Mr. Board's total offense level, and therefore do not alter his current sentence, the Court will deny Mr. Board's motion. Moreover, since Mr. Board's supplemental motion is, in substance, a successive motion for relief under 28 U.S.C. § 2255, the Court will transfer it to the United States Court of Appeals for the District of Columbia Circuit in order for the Court of Appeals to determine whether to authorize the filing of this motion.

### I. BACKGROUND

Mr. Board and others (the "R Street Crew") were charged with involvement in a drug conspiracy from 1983 to 1991. On February 11, 1993, a jury convicted Mr. Board of two Counts of RICO conspiracy (Counts 1 and 2), drug conspiracy (Count 3), employment of juveniles to distribute and possess with intent to distribute cocaine (Count 41), possession with intent to



distribute various controlled substances (Counts 43, 44, 45, 110, 112, and 114), assault with intent to kill while armed (Count 62), possession of a firearm during a crime of violence (Count 63), unlawful transportation of a firearm to commit a felony (Count 104), and four counts of unlawful use of a communication facility (Counts 95, 111, 113, and 115). See Judgment in a Criminal case filed April 6, 1994 ("Judgment") at 1. Mr. Board was acquitted of Counts 46, 64, 65, and 103. See id.

In accordance with Mr. Board's Revised Presentence Investigation Report ("PSI") giving him a total offense level of 43 and a criminal history category of I, this Court sentenced Mr. Board to life imprisonment without parole on March 10, 1994. See id. at 3; Revised Presentence Investigation Report dated June 9, 1993 (hereinafter referred to as "PSI") at 27.

On June 3, 1997, the United States Court of Appeals for the District of Columbia Circuit affirmed Mr. Board and his co-defendants' convictions, and the Supreme Court denied certiorari on December 15, 1997. United States v. Thomas, 114 F.3d 228 (D.C. Cir. 1997), cert. denied, 522 U.S. 1033 (1997). Mr. Board and his co-defendants filed motions for a new trial, which this Court denied, and the D.C. Circuit affirmed that denial on March 20, 1998. United States v. Perkins, 138 F.3d 421 (D.C. Cir. 1998).

Mr. Board filed a pro se motion to vacate, set aside, or modify his sentence pursuant to 28 U.S.C. § 2255 on December 15, 1998. The Court denied the § 2255 motion. United States v. Board, 2000 WL 12891 (D.D.C. Jan. 6, 2000). Mr. Board's certificate of appealability was denied. United States v. Board, 2001 WL 1606343 (D.C. Cir. 2001).

## II. DISCUSSION

Mr. Board was originally sentenced in March 1994, at which time he was found to have a

total offense level of 43 and a criminal history category of I. See PSI at 27. Following the parameters outlined in the United States Sentencing Guidelines ("U.S.S.G."), this Court sentenced Mr. Board to a life term of imprisonment. See U.S.S.G. Manual Sentencing Table (1993).[1]

Mr. Board asks the Court to re-calculate and reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). See Def.'s Mem. at 1. He claims that the U.S.S.G. reduced his base offense level, and Amendment 599 eliminates the two-level specific offense characteristics enhancement applied to his sentence. See id. at 4-5. The base offense level reduction Mr. Board refers to occurred under Amendment 505 to the U.S.S.G. See U.S.S.G. Manual app. C (2004), amend. 505. Amendments 505 and 599 of the U.S.S.G. are discussed below. Mr. Board also argues that the Supreme Court's decision in Booker is further grounds for reducing and recalculating his sentence under § 3582(c)(2). See Def.'s Supp'l Mot at 1.

**A. Legal Standard**

Generally, a term of imprisonment may not be modified once imposed. 18 U.S.C. § 3582(c). Title 18 U.S.C. § 3582(c)(2), however, provides an exception:

> The court may not modify a term of imprisonment once it has been imposed except that . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a petitioner may move for modification of his or her sentence pursuant to § 3582(c)(2), as Mr. Board has done, if such a modification is warranted by the Sentencing Commission's

---

[1] Mr. Board was sentenced on March 10, 1994, under the 1993 edition of the U.S.S.G. The 2004 edition is used for the re-calculation of his sentence.

3

policy statements. Id. One such policy statement is U.S.S.G. § 1B1.10. Section 1B1.10(a) allows sentence modification pursuant to 18 U.S.C. § 3582(c)(2) under certain circumstances:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10(b) further states that "the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced."

Both Amendments 505 and 599 are listed in U.S.S.G. § 1B1.10(c) as "[a]mendments covered by this policy statement." Therefore, under U.S.S.G. § 1B1.10(b), Amendments 505 and 599 are retroactive to the date Mr. Board was sentenced. As explained below, however, Mr. Board's total offense level and sentence are not reduced by application of the amendments. Accordingly, he may not have his sentence reduced under § 3582(c)(2).

### B. Amendment 505

Amendment 505, effective November 1, 1994, established an upper limit for the Drug Quantity Table in U.S.S.G. § 2D1.1 at level 38. See U.S.S.C. app. C (2004), amend. 505. Mr. Board claims that under Amendment 505 he is entitled to a reduction of his base offense level. See Def.'s Mem. at 4. Applying the amendment, Mr. Board re-calculated his base offense level and asserts that it should be a level 38. See id. Mr. Board's calculation, however, is incorrect. Paragraph 93 of Mr. Board's PSI provides:

> Base Offense Level: The guideline to determine the base offense level is found in U.S.S.G. § 2D1.2(a)(2) which calls for a base offense level of 1 plus the offense level from U.S.S.G. § 2D1.1 [the Drug Quantity Table] applicable to the total quantity controlled substances involved in the offense. In this case, the total amount of drugs was determined to be 300,000 kilograms of marijuana . . . and, pursuant to U.S.S.G. §

4

2D1.1(a)(3)(c)(1), [which assigns a level of 42], this establishes a base offense level of 43.

See PSI at 26-27.

Following the same analysis provided in PSI ¶ 93, application of Amendment 505 to the calculation of Mr. Board's base offense level would produce a level of 1 under U.S.S.G. § 2D1.2(a)(2), plus a level of 38 under the amended U.S.S.G. § 2D1.1, for a total base offense level of 39. Thus, Amendment 505 reduces Mr. Board's base offense level from 43 to 39.

### C. Amendment 599

Amendment 599, effective November 1, 2000, amends Application Note 2 of U.S.S.G. § 2K2.4. U.S.S.G. Manual app. C (2004), amend. 599. The amendment clarifies under what circumstances weapon enhancements may be added to a defendant's sentence. See id. "The purposes of this amendment are to (1) avoid unwarranted disparity and duplicative punishment; and (2) conform application of guideline weapon enhancements with general guideline principles." Id. Amendment 599 provides in part,

> If a sentence under this guideline [2K2.4] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense . . . . A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a).

Although Amendment 599 does not explicitly state that it is only applicable to convictions based on 18 U.S.C. §§ 844(h), 924(c), or 929(a), many cases have interpreted the amendment in that manner. See United States v. Barnes, 33 Fed. Appx. 733, 735 (6th Cir. 2002) (holding that Amendment 599 did not apply to the petitioner's sentence because the petitioner was not convicted under 18 U.S.C. § 844(h), § 924(c), or § 929(a)); United States v. Rice, 38

Fed. Appx. 267, 268 (6th Cir. 2002) (reasoning that since the petitioner was not convicted under 18 U.S.C. § 844(h), § 924(c), or § 929(a), Amendment 599 did not affect the petitioner's sentence); Little v. United States, 242 F. Supp. 2d 478, 481 (E.D. Mich. 2003) ("This language makes clear that Amendment 599 applies *only* to sentences imposed for violations of 18 U.S.C. §§ 844(h), 924(c), or 929(a)."); cf. United States v. Goines, 357 F.3d 469, 473 (4th Cir. 2004) (holding that Amendment 599 applied to the petitioner's sentence because the petitioner was convicted under 18 U.S.C. § 924(c)); United States v. Friend, 303 F.3d 921, 922 (8th Cir. 2002) ("This language makes clear that Amendment 599 applies only to 18 U.S.C. § 924(c) convictions.").

In the instant case, Mr. Board erroneously contends that Amendment 599 applies, and therefore, no levels for specific offense characteristics should be added to his base offense level. See Def.'s Mem. at 4-5. Mr. Board received a sentence enhancement based on his conviction under 18 U.S.C. § 924(b), Unlawful Transportation of a Firearm to Commit a Felony. See PSI at 27. Because Mr. Board's conviction and sentence enhancements were not based on 18 U.S.C. §§ 844(h), 924(c), or 929(a), Amendment 599's limitation on weapon enhancement does not apply to his sentence calculation.[2] Consequently, the two-level enhancement for specific offense characteristics remains unchanged.

### D. The Total Offense Level is Unchanged By the Amendments

The total offense level includes the base offense level and any adjustments. As explained

---

[2] It is also important to note that Amendment 599 modifies U.S.S.G. § 2K2.4. U.S.S.G. Manual app. C (2004), amend. 599. Mr. Board's sentence enhancement for specific offense characteristics, however, was not added pursuant to § 2K2.4, but rather was added pursuant to U.S.S.G. 2D1.1(b)(1). See PSI at 27. Thus, Mr. Board's sentence calculation does not implicate the guideline that Amendment 599 actually modifies.

above, Mr. Board's base offense level taking into account Amendment 505 is 39. See U.S.S.G. Manual app. C (2004), amend. 505; PSI at 26-27. Since Amendment 599 does not apply to Mr. Board's sentence, the addition of two levels for specific offense characteristics pursuant to U.S.S.G. § 2D1.1(b)(1) remains unchanged. See U.S.S.G. Manual app. C (2004), amend. 599; PSI at 27. The adjustment for Mr. Board's role in the offense, which Mr. Board does not challenge, results in the addition of 3 levels pursuant to U.S.S.G. § 3B1.1(b). See PSI at 27. As there are no other adjustments, the new level subtotal is 44. In accordance with the guidelines, an offense level of more than 43 is to be treated as a level 43. U.S.S.G. Manual Sentencing Table (2004), application notes (n.2). Therefore, Mr. Board's recalculated total offense level is 43, which is unchanged from the original calculation. See PSI at 27.

A total offense level of 43 combined with a criminal history category of I results in a life term of imprisonment. See U.S.S.G. Manual Sentencing Table (2004). This sentence is no different from Mr. Board's current sentence. See Judgment at 1. Since Mr. Board's sentence has not been reduced through the application of the amendments, he is not entitled to a sentence reduction pursuant to 18 U.S.C. 3582(c)(2). See U.S.S.G. Manual § 1B1.10(a) (2004).

### E. Booker is Inapplicable to § 3582(c)(2)

Mr. Board additionally claims that the Supreme Court's decision in Booker is grounds for reducing his sentence under § 3582(c)(2). Booker, however, was a judicial change in the federal sentencing regime, not a change made by the Sentencing Commission. Therefore, Petitioner's supplemental motion does not fall within § 3582(c)(2). Instead, Petitioner's motion is properly characterized as a motion for relief pursuant to 28 U.S.C. § 2255. Under § 2255,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

> violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Thus, the core of a § 2255 motion is an attack on the constitutionality or legality of the prisoner's conviction or sentence or an offer of new legal arguments or additional evidence. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (stating that "a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing" § 2255 motions); United States v. Barnes, No. CRIM.A.95-349, 2005 WL 217027, at *1-2 (E.D. Pa. Jan. 28, 2005) (explaining that since a judicial change in the sentencing scheme is a constitutional change and not a reduction in the sentencing range by the Sentencing Commission under § 3582(c), the petitioner's attack on his sentence was a constitutional one and thus properly adjudicated as a § 2255 motion). Booker's invalidation of the mandatory application of the United States Sentencing Guidelines and conversion thereof into advisory guidelines is a constitutional change. Booker v. United States, 125 S. Ct. 738, 756-57 (2005) (stating that Booker is a "constitutional holding" and that its effect is "to make the Guidelines effectively advisory"); see Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (discussing "the constitutional rule announced in Booker"). Accordingly, Petitioner's supplemental motion raises constitutional claims that must be adjudicated under § 2255.

Since Petitioner filed his first § 2255 motion in 1998, however, the instant motion is a second or successive one under the statute. Therefore, Petitioner must obtain certification from the D.C. Circuit before this Court can hear his motion. 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence that, if proven and viewed in light of

the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). Accordingly, the Court will transfer Petitioner's supplemental motion to the U.S. Court of Appeals for the District of Columbia Circuit so that the Court of Appeals can determine whether to authorize the filing of this motion.

### III. CONCLUSION

For the foregoing reasons, Mr. Board's Initial Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied. Additionally, Mr. Board's Supplemental Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) will be transferred to the U.S. Court of Appeals for the District of Columbia Circuit so that the Court of Appeals can determine whether to authorize the filing of this motion because this motion is, in substance, a successive 28 U.S.C. § 2255 motion. An appropriate Order will accompany this Memorandum Opinion.

September 2nd, 2005

Thomas F. Hogan
Chief Judge